

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

State Board of Education
Austin, Texas

Dear Sirs:

Opinion No. O-6888
Re: Whether it is necessary to
obtain a permit from the
"State School Board" to con-
duct seismograph operations
in the bays along the Texas
Gulf Coast.

We have your recent letter requesting an opinion of this department on the above captioned matter.

Assuming that by "State School Board" is meant the State Board of Education, your request involves two questions:

(1) Is it necessary for a private person or corporation to obtain the State's per-mission to conduct seismograph operations in the bays along the Texas Gulf Coast?

(2) If it is necessary, does the State Board of Education have authority to issue such a permit?

To the first question, we answer in the affirmative. The waters of the bays, inlets and arms of the Gulf of Mexico and the soil lying beneath them belong to the State, constitut-ing public property that is held in trust for the use and bene-fit of the people. 44 Tex. Jur. 125. Such lands and the mineral estate therein have been set apart and dedicated to the public free school fund of this State. Arts. 5415a and 5421c-3, Vernon's Annotated Texas Statutes. If an operator enters upon the land of another without permission and sets up his instruments to test such land, he is guilty of trespass. Sumners, Oil and Gas

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

(perm. ed.) Sec. 659.  The operation of the seismograph requires the use of explosives to create vibrations of the earth's crust.  In our opinion, the conduct of seismograph operations in the bays in question, without the State's permission, would constitute a trespass.

However, the second question must be answered in the negative.  Public officers and boards have only those powers which are expressly conferred and those which are reasonably necessary to effectuate their express powers. 34 Tex. Jr. 443-444. The Constitution of Texas, in Sec. 8, Art. VII, provides that the State Board of Education "shall perform such duties as may be prescribed by law."  We have carefully studied the Texas statutes, particularly Art. 2675b-5, dealing with the powers and duties of the State Board of Education; and, we find no provision which would either expressly, or by implication, authorize such Board to issue a permit to conduct seismograph operations.

Although we do not here pass upon the authority of some other State agency to grant such a permit, we call to your attention the statutes authorizing the Commissioner of the General Land Office and the School Land Board to lease the bays along the Gulf for the production of minerals, (Arts. 5421c-3 and 5421c-5, Vernon's Annotated Civil Statutes) the penal statute prohibiting the use of explosives in the waters of this State (Art. 924, Tex. Penal Code), and the statute giving the Game, Fish and Oyster Commission certain jurisdiction over such bays insofar as their use affects the conservation of marine life, (Art. 4026, Vernon's Annotated Texas Statutes).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Raymond C. C. Lynch
Raymond Lynch
Assistant

RAL:rf

NOV 8, 1945


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN